J-S34028-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ARAMIS GONZALEZ, III | |
| Appellant | No. 2060 MDA 2015 |

Appeal from the PCRA Order entered November 17, 2015
In the Court of Common Pleas of Lancaster County
Criminal Division at No: CP-36-CR-0001948-1996

BEFORE:  PANELLA, STABILE, and JENKINS, JJ.

JUDGMENT ORDER BY STABILE, J.:                **FILED JUNE 20, 2016**

Aramis Gonzalez, III ("Gonzales"), appeals from the November 17, 2015 order entered in the Court of Common Pleas of Lancaster County, denying as untimely his petition for collateral relief pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  We reverse and remand in light of ***Montgomery v. Louisiana***, 136 S.Ct. 718 (2016).

Briefly, in 1996, Gonzales was convicted by a jury of first-degree murder for the shooting death of a store manager that occurred when Gonzales was fifteen years old.  The trial court sentenced Gonzales to a mandatory sentence of life without parole ("LWOP").  This Court affirmed his judgment of sentence.  Gonzales timely filed his first PCRA petition in 1999.  The PCRA court dismissed his petition in 2000.

Gonzales filed the instant PCRA petition in 2012, within 60 days of the United States Supreme Court's decision in **Miller v. Alabama**, 132 S.Ct. 2455 (2012). The **Miller** Court held that the Eighth Amendment's prohibition on cruel and unusual punishments was violated by imposing mandatory LWOP sentences on individuals who were under the age of 18 at the time of their crimes. Following our Supreme Court's issuance of **Commonwealth v. Cunningham**, 81 A.3d 1 (Pa. 2013), holding that **Miller** did not apply retroactively to cases on collateral review, the PCRA court issued a Rule 907 notice of its intent to dismiss and, subsequently, dismissed Gonzalez's petition on November 17, 2015. This timely appeal followed.

The United States Supreme Court has since issued its ruling in **Montgomery**, holding that **Miller**'s prohibition against mandatory LWOP sentences for juvenile offenders was a new substantive rule that, under the United States Constitution, is retroactive in cases on state collateral review. **Montgomery**, **supra** at 732. In light of **Montgomery**, our Supreme Court has taken the stance that, "[t]o the extent necessary, leave is to be granted to amend the [PCRA] petition to assert the jurisdictional provision of the [PCRA] extending to the recognition of constitutional rights by the Supreme Court of the United States which it deems to be retroactive. **See** Pa.C.S.A. § 9545(b)(1)(iii)." **See, e.g., Commonwealth v. Mazeffa**, 132 A.3d 985 (Pa. 2016) (*per curiam*).

Therefore, in light of **Montgomery** and consistent with our Supreme Court's directive, we reverse the PCRA court's order dismissing Appellant's PCRA petition and remand to the PCRA court for further proceedings consistent with our Supreme Court's directive and this order.[1]

It is so ORDERED. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/20/2016

---

[1] We note that the Commonwealth submitted a letter to this Court in lieu of a brief, requesting that we remand for proceedings consistent with **Montgomery**.